FILED

MAY 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SILGAN CONTAINERS
CORPORATION,

            Plaintiff - Appellant,

    v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

            Defendant - Appellee.

No. 10-15869

D.C. No. 4:08-cv-02246-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted May 13, 2011
San Francisco, California

Before: HUG and PAEZ, Circuit Judges, and WATSON,[**] District Judge.

    Plaintiff-appellant Silgan Containers Corporation ("Silgan") appeals the

district court's decision granting summary judgment to defendant-appellee National

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Michael H. Watson, District Judge for the U.S.
District Court for Southern Ohio, Columbus, sitting by designation.

Union Insurance Company ("National Union") in Silgan's diversity action arising from an insurance dispute. The district court held that National Union did not breach its contractual duty to pay because Silgan did not suffer a covered loss under the umbrella insurance policy issued by National Union. Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain the decision.

The parties agree that California law applies and that it is Silgan's burden to establish that its claims fall within the scope of the insurance policy. We review the district court's grant of summary judgment de novo. *Lindahl v. Air France*, 930 F.2d 1434, 1436 (9th Cir. 1991). Jurisdiction is proper under 28 U.S.C. § 1291, and we affirm.

Under the terms of the umbrella policy, National Union is obligated to pay sums that Silgan is liable for due to 'Property Damage'. The policy defines two types of 'Property Damage': (1) "physical injury to tangible property, including all resulting loss of use of that property," and (2) "loss of use of tangible property that is not physically injured." We conclude that neither type of 'Property Damage' occurred here. Thus, National Union did not breach its duty to pay.

1.     "Physical injury to tangible property"

2

The prevailing view under California law is that where property damage is defined as a "physical injury to tangible property," the "mere incorporation of a defective but functioning [product] that might fail in the future [does] not constitute 'property damage.'" *F & H Const. v. ITT Hartford Ins. Co. of Midwest*, 12 Cal. Rptr. 3d 896, 905 (Cal. Ct. App. 2004). We conclude that coverage is not triggered by this first definition of 'Property Damage' because it is undisputed that Silgan's defective lids did not physically harm the fruit inside the cups. There was no alteration in the appearance, shape, or color of the fruit and the fruit remained edible. Silgan's defective lids, moreover, were not so inherently dangerous that they can be considered to have inflicted a physical injury on the fruit by the mere fact of incorporation. *Cf. Armstrong World Indus. Inc. v. Aetna Casualty & Surety Co.*, 52 Cal. Rptr. 2d 690, 733-34 (Cal. Ct. App. 1996) (holding that the installation of asbestos-containing materials caused immediate physical injury to the building because asbestos is ultrahazerdous).

2.     "Loss of use of tangible property that is not physically injured"

A "classic 'loss of use'" claim occurs where "the insured's defective property rendered the property of a third party unusable." *Sony Computer Entm't Am. Inc. v. Am. Home Assur. Co.*, 532 F.3d 1007, 1019 (9th Cir. 2008) (applying California law). We conclude that coverage is not triggered by this second

3

definition of 'Property Damage' because Silgan has not demonstrated that the fruit inside the defective cups was completely "unusable." Although Del Monte may have made a business decision not to sell the fruit cups, Silgan has not shown that the edible fruit was unsuitable for other purposes, such as sale on a secondary market.

In sum, because Silgan has not established that its defective lids caused "a physical injury to tangible property" or the "loss of use of tangible property that is not physically injured," National Union did not breach its duty to pay under the terms of the policy.

**AFFIRMED.**